UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV15-2236-JGB-SPx** | Date | April 14, 2016 |
|----------|-------------------------|------|----------------|
| Title | ***Martin Vogel v. Eastern Galaxy Plaza, LLC*** | | |

Present: The Honorable    JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---------------|--------------|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---------------------------------------|---------------------------------------|
| None Present | None Present |

**Proceedings:**   **Order DENYING Defendant's Motion to Dismiss (Doc. No. 26) and VACATING the April 18, 2016 Hearing (IN CHAMBERS)**

Before the Court is Defendant's Motion to Dismiss.  (Doc. No. 26.)  The Court finds this matter appropriate for resolution without a hearing.  See Local Rule 7-15; Fed. R. Civ. P. 78. After considering all papers timely filed in support of and in opposition to Defendant's Motion, the Court DENIES the Motion and VACATES the April 18, 2016 Hearing.

## I.   BACKGROUND

On October 30, 2015, Plaintiff Martin Vogel ("Plaintiff" or "Vogel") filed a Complaint against Defendant Eastern Galaxy Plaza, LLC ("Defendant" or "Eastern Galaxy Plaza") alleging violations of the Americans with Disabilities Act of 1990 ("ADA"), the Disabled Persons Act, the Unruh Civil Rights Act ("UCRA"), and the California Health and Safety Code.  (Complaint, Doc. No. 1.)  Plaintiff filed a First Amended Complaint on December 2, 2015.  ("FAC," Doc. No. 10.)

Defendant filed the instant Motion for a More Definite Statement or Alternatively to Dismiss the FAC on March 14, 2016.  ("Motion," Doc. No. 26.)

Although Plaintiff did not file an opposition, Plaintiff's counsel filed a declaration containing arguments against the Motion,[1] as well as statements regarding Defendant's efforts to meet and confer prior to filing the Motion.[2] (Declaration of Lynn Hubbard III ("Hubbard Decl."), Doc. No. 27.)  On March 24, 2016, Defense counsel filed a responsive Declaration regarding his meet and confer efforts.  (Doc. No. 28.)

## II.  LEGAL STANDARD

### A.  Rule 12(b)(6) Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) allows a party to bring a motion to dismiss for failure to state a claim upon which relief can be granted.  Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires only a short and plain statement of the claim showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2); Conley v. Gibson, 355 U.S. 41, 47 (1957) (holding that the Federal Rules require that a plaintiff provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests") (quoting Fed. R. Civ. P. 8(a)(2)); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  When evaluating a Rule 12(b)(6) motion, a court must accept all material allegations in the

---

[1] Although the Court ultimately finds Defendant's Motion to be without merit, Plaintiff is admonished that counsel's declaration does not constitute a proper opposition.  Plaintiff's counsel addressed the merits of the Motion in three, one-sentence bullet points in counsel's declaration.  If Plaintiff wishes to oppose a motion, he must provide more than an outline— Plaintiff must provide the Court with a memorandum of points and authorities.  Failure to properly oppose a motion in the future may result in the Court considering the motion unopposed.

[2] There is some disagreement between the parties as to whether Defense counsel satisfied his responsibilities under Local Rule 7-3 to meet and confer.  Defense counsel attests he sent Plaintiff a letter on December 17, 2015, discussing the possibility of filing the instant motion and requesting to meet and confer.  (First Declaration of David Peters ("First Peters Decl.") ¶¶ 2-3, ¶ 6, Ex. C, Doc. No. 28.)  He further contends that the parties spoke via telephone on January 26, 2016, but that it appeared that Plaintiff's counsel had not read the December 17, 2015 letter or did not have it available for reference.  (Id. ¶ 2.)  Believing the conference call had not satisfied Local Rule 7-3, Defense counsel followed up with a letter to Plaintiff on February 3, 2016, again outlining the arguments raised in this Motion and asking to meet and confer.  (Id. ¶ 2, Ex. F.)  Plaintiff's counsel contends that he attended the January 26, 2016 meeting expecting to meet and confer, but that Defense counsel never brought up the Motion, and that Defense counsel has therefore failed to satisfy Local Rule 7-3.  (Hubbard Decl. ¶¶ 6-10.)  Although a constructive, in-person or telephonic conversation between the parties might have prevented this meritless Motion, the Court is satisfied that Defendant's letters and emails put Plaintiff on sufficient notice that Defendant intended to file it.  Plaintiff's counsel could have easily responded to either of Defendant's letters with the three-sentence "opposition" included in counsel's declaration, perhaps averting this unnecessary motion practice.

---

complaint — as well as any reasonable inferences to be drawn from them — as true and construe them in the light most favorable to the non-moving party.  See Doe v. United States, 419 F.3d 1058, 1062 (9th Cir. 2005); ARC Ecology v. U.S. Dep't of Air Force, 411 F.3d 1092, 1096 (9th Cir. 2005); Moyo v. Gomez, 32 F.3d 1382, 1384 (9th Cir. 1994).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Twombly, 550 U.S. at 555 (citations omitted).  Rather, the allegations in the complaint "must be enough to raise a right to relief above the speculative level."  Id.

Surviving a motion to dismiss requires a plaintiff to allege "enough facts to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570; Ashcroft v. Iqbal, 556 U.S. 662, 697 (2009).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'"  Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 556).  The Ninth Circuit has clarified that (1) a complaint must "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively," and (2) "the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation."  Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

**B.  Rule 12(e) Motion for a More Definite Statement**

Rule 12(e) provides that a "party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."  Fed. R. Civ. P. 12(e).  Rule 12(e) motions are disfavored, and ordinarily restricted to situations where a pleading suffers from unintelligibility rather than want of detail.  Medrano v. Kern Cnty. Sheriff's Officer, 921 F. Supp. 2d 1009, 1013 (E.D. Cal. 2013).  The Court must deny the motion if the complaint is specific enough to notify a defendant of the substance of the claim being asserted.  See Bureerong v. Uvawas, 922 F. Supp. 1450, 1461 (C.D. Cal. 1996).  The Court may also deny the motion if the detail sought is obtainable through the discovery process.  Beery v. Hitachi Home Electronics (America), Inc., 157 F.R.D. 477, 480 (C.D. Cal. 1993).

**III.  DISCUSSION**

Defendant's Motion raises a single issue: the FAC does not include the date that Plaintiff allegedly visited Eastern Galaxy Plaza.  Defendant draws a host of conclusions from this omission, including that Plaintiff lacks standing, the FAC fails to state a claim under 12(b)(6), and is vague as to when Plaintiff asserts the barriers existed at the Property, which Defendant contends may be problematic if Plaintiff visited the Property outside the statute of limitations.

In brief, contrary to the premise of Defendant's Motion, an ADA plaintiff is not required to plead the date that he first encountered the alleged barriers. Indeed, an ADA plaintiff need not encounter the alleged barriers within the statute of limitations. "A disabled individual . . . suffers a cognizable injury if he is deterred from visiting a noncompliant public accommodation because he has encountered barriers related to his disability there." <u>Chapman v. Pier 1 Imports (U.S.) Inc.</u>, 631 F.3d 939, 949 (9th Cir. 2011). The Ninth Circuit first recognized the "deterrent effect doctrine" in <u>Pickern v. Holiday Quality Foods Inc.</u>, 293 F.3d 1133 (9th Cir. 2002). There, the plaintiff first encountered accessibility barriers at the Paradise market on a visit that took place outside the statute of limitations. <u>Pickern</u>, 293 F.3d at 1136. The Ninth Circuit concluded that, although the initial injury did not confer standing to sue, the plaintiff had Article III standing because "a disabled individual who is currently deterred from patronizing a public accommodation due to a defendant's failure to comply with the ADA has suffered 'actual injury'" for standing purposes. <u>Id.</u> at 1138. <u>See also</u> <u>Chapman</u>, 631 F.3d at 950 (reaffirming deterrent affect doctrine); <u>Doran v. 7-Eleven, Inc.</u>, 524 F.3d 1034, 1040 (9th Cir. 2008) (same).

Here, Plaintiff alleged that he is a paraplegic requiring the use of a wheelchair, that he visited Eastern Galaxy Plaza, and that he encountered barriers in the parking lot that prevented him from enjoying full and equal access. (Complaint ¶¶ 8, 10, 11; FAC ¶¶ 8, 10, 11.) Specifically, he alleged that the following barriers were known to Plaintiff at the time he filed the Complaint:

- "[D]isabled parking spaces have slopes and/or cross slopes that are too steep, at least one of which is due to an encroaching built-up curb ramp. Without a level parking space, it is difficult for Vogel to unload/transfer from a vehicle as his wheelchair rolls and/or a lift's platform cannot sit level;

- At least one of the spaces designated as being van accessible is not actually van accessible, thus forcing Vogel to unload/transfer into an adjacent parking space and risk being struck by an incoming vehicle;

- . . . [A]ccess aisles have slopes and/or cross slopes that are too steep, at least one of which is due to an encroaching built-up curb ramp. Without a level access aisle, it is difficult for Vogel to unload/transfer from a vehicle as his wheelchair rolls and/or a lift's platform cannot sit level; and,

- The words 'NO PARKING' are not painted within most – if not all – of the access aisles. Without this language clearly displayed, vehicles may park in the aisles, thus rendering them – as well as their adjacent parking spaces – unusable by Vogel.

(Complaint ¶ 10.) These allegations are unchanged in the FAC. (FAC ¶ 10.) So long as these conditions existed when Plaintiff filed the Complaint, and so long as Plaintiff was aware of them and remained deterred at that time, he has suffered an actual or imminent injury sufficient to

confer standing to sue under the ADA. <u>Pickern</u>, 293 F.3d at 1137 ("So long as the discriminatory conditions continue, and so long as a plaintiff is aware of them and remains deterred, the injury under the ADA continues.").

Defendant's contention that some of these barriers were remedied <u>after</u> the filing of the Complaint, and no longer existed when Plaintiff filed the FAC, is irrelevant to the issue of standing, which is assessed when the lawsuit is first filed. <u>See</u> <u>Skaff v. Meridien N. Am. Beverly Hills, LLC</u>, 506 F.3d 832, 850 (9th Cir. 2007) ("Standing is determined at the time of the lawsuit's commencement, and we must consider the facts as they existed at that time the complaint was filed, with the effect of subsequent events generally analyzed under mootness principles."). If the record demonstrates that Defendant has remedied all the alleged ADA violations, Plaintiff's claims for injunctive relief may be moot, but that is a question for summary judgment. There is no record on a motion to dismiss; the Court must accept as true Plaintiff's well-pleaded allegations. For the reasons expressed above, Plaintiff has stated an actual or imminent injury sufficient for standing purposes, and there is no need for a more definite statement of the date Plaintiff visited Eastern Galaxy Plaza. Accordingly, Defendant's Motion is DENIED.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's Motion (Doc. No. 26) and VACATES the April 18, 2016 hearing.

**IT IS SO ORDERED.**